**William H. FERGUSON and Helen Ferguson, his wife, (Plaintiffs) Appellants,**

v.

**GULF OIL CORPORATION, a Corporation, (Defendant) Respondent.**

No. 31555.

St. Louis Court of Appeals.
Missouri.

Sept. 15, 1964.

William G. O'Donnell, St. Louis, for appellants.

Keefe, Schlafly, Griesedieck & Ferrell, William H. Ferrell, Francis L. Barkofske, St. Louis, for respondent.

ANDERSON, Judge.

In this action plaintiffs William H. Ferguson and Helen Ferguson, his wife, sought a judicial declaration that certain real property owned by them was unencumbered by a written twenty-year lease given by them to Missouri State Oil Company. Defendant Gulf Oil Corporation in its answer denied plaintiffs' claim and asserted it had succeeded to Missouri State Oil Company's rights under said lease. The cause was tried to the court and resulted in a finding and judgment for defendant. Plaintiffs have appealed.

The case was tried on an agreed statement of facts, and the exhibits thereto attached. Said statement of facts reads as follows:

"1. The plaintiffs William H. Ferguson and Helen Fuergson are residents of the County of St. Louis and are and were husband and wife at all times material in this case. The defendant Gulf Oil Corporation is, and at all times material herein was, a Pennsylvania corporation authorized to do business in Missouri.

"2. The plaintiffs are, and at all times material herein were, owners of an interest in fee simple in real property located in the City of St. Louis, Missouri, and described as:

Lots 11, 12 and 13 of Shrewsbury Park Subdivision and in Block 5030 of the City of St. Louis, together fronting 150 feet on the North line of Lansdowne Avenue by a depth Northwardly of 129 feet 6 inches to the dividing line of said Block;

"3. On May 1, 1950, plaintiffs and Missouri State Oil Company, then a Missouri corporation, executed a written instrument entitled 'Property Lease.' Said Property Lease was recorded on June 1, 1950, in Book 6934, Page 583, in the Office of the Recorder of Deeds, St. Louis, Missouri. A copy of said lease is attached hereto and made a part hereof as Exhibit 1.

"4. On May 1, 1950, the said Missouri State Oil Company and plaintiffs executed a written instrument entitled 'Lease.' Said lease was not recorded. A copy of said Lease is attached hereto and made a part hereof as Exhibit 2.

"5. Under date of May 1, 1950, the said Missouri State Oil Company and plaintiffs executed a certain written instrument entitled 'Dealer Sales Contract.' A copy of said Dealer Sales Contract is attached hereto and made a part hereof as Exhibit 3. Plaintiffs

reserve the right to object to the admissibility of said instrument at the trial.

"6. On June 30, 1950, the said Missouri State Oil Company filed with the Secretary of State of Missouri Articles of Dissolution. Thereafter, by instrument dated July 6, 1950, and entitled 'Distribution of Assets in Liquidation of Missouri State Oil Company,' the said Missouri State Oil Company transferred to Gulf Refining Company, a Delaware corporation, as one of the stockholders of the said Missouri State Oil Company, its assets including the aforesaid instruments (Exhibits 1, 2 and 3). Said instrument of transfer had attached to it Exhibits A through G, inclusive. A copy of said instrument of transfer with a part of Exhibit C attached is attached hereto and made a part hereof as Exhibit 4.

"7. On page 2 of the said Dealer Sales Contract (Exhibit 3) is agreement executed by plaintiff William H. Ferguson as dealer and the said Missouri State Oil Company and the said Gulf Refining Company pertaining to said Dealer Sales Contract.

"8. Under date of August 3, 1950, the said Missouri State Oil Company was issued a Certificate of Dissolution by the office of the Secretary of State of Missouri and said corporation was thereupon dissolved.

"9. By instrument entitled 'Assignment of Leases' dated as of July 1, 1956, and recorded in Book 7688, Page 104, in the Office of the Recorder of Deeds of the City of St. Louis, Missouri, the said Gulf Refining Company transferred, assigned and set over to defendant Gulf Oil Corporation all of its right, title and interest in and to the aforesaid Property Lease (Exhibit 1). By letter dated July 30, 1956, the said Gulf Refining Company and defendant Gulf Oil Corporation gave notice to plaintiffs of the aforesaid assignment. A copy of said letter is attached hereto and made a part hereof as Exhibit 5.

"10. As of July 1, 1956, the said Gulf Refining Company transferred, assigned and set over to the defendant Gulf Oil Corporation all of its right, title and interest in and to the aforesaid Lease (Exhibit 2) and the aforesaid Dealer Sales Contract (Exhibit 3).

"11. Said Property Lease (Exhibit 1) provides for a rental, payable monthly, of one cent (1¢) per gallon computed upon each gallon of Missouri State Oil Company's (and its assigns') gasoline sold and dispensed at or upon the said leased premises with a minimum monthly rental of $75.00. Continuously since May 1, 1950, plaintiffs have been paid each month in accordance with said rental provision in said Property Lease by the said Missouri State Oil Company, and by Gulf Refining Company, successor to Missouri State Oil Company, and by defendant Gulf Oil Corporation, successor to Gulf Refining Company."

 The appellants' brief does not comply with Rule 83.05 of the Supreme Court Rules, in that the specifications of error merely set forth a series of abstract statements of law. But from an examination of the brief it is obvious that appellants' complaint is that the court erred in rendering a decision for defendant for the reason that the lease to plaintiffs was not a sublease, but in legal effect an assignment of the primary lease, thus effecting a merger of the leasehold estate into the freehold estate owned by plaintiffs, and that such being the case, defendant Gulf Oil Corporation could acquire no interest in the property by the assignment to it by the Gulf Refining Company, whose alleged title as landlord rested on an assignment from Missouri State Oil Company. We will therefore overlook appellants' failure to comply with Rule 83.05, and decide the issue raised.

■ It is true that where a lessee re-lets the premises to a third person for the whole term of his lease, without reserving a reversion, or makes a lease for a period exceeding his term, said instrument of conveyance, as between the original lessor and the lessee of the original lessee, will be regarded as an assignment, even though it be denominated a sub-lease. Mutual Drug Co. v. Sewall, 353 Mo. 375, 182 S.W.2d 575. But as between the original lessee and his lessee if the parties intend a lease rather than an assignment, the relation of landlord and tenant will arise between them. Stewart v. Long Island R. Co., 102 N.Y. 601, 8 N.E. 200; O'Neil v. F. Oys & Sons, 216 Minn. 391, 13 N.W.2d 8.

■ The cases rest, no doubt, on the principle that strict reversionary rights may exist on the theory of estoppel, even though there be a transfer of the lessee's whole interest. This doctrine, as applied to the transferee of the lease, is discussed in Tiffany on Landlord & Tenant, Vol. 1, pages 915–916, as follows:

"Cases in which the transferor would seek to assert that an instrument thus in form a lease is legally an assignment can but seldom occur, and a question of greater interest is whether the transferee may be estopped, as against the transferor, to assert that the transfer is an assignment and not a lease. As regards this question, it seems that the transferee, if the transfer is by indenture, might be precluded, on the same theory of 'estoppel by deed,' from asserting that the instrument of transfer, though purporting to be a lease, is in reality an assignment. But apart from any question of estoppel by deed, the question may be suggested whether, if the transferee obtains possession on the understanding that in so doing he becomes tenant of the lessor, he should not be precluded, as against the lessor or the lessor's transferee, from asserting that the lessor had no estate at the time of the lease sufficient to support the relation of landlord and tenant. As we have before seen, one who has taken possession under a lease is precluded, for certain purposes at least, from asserting as against the lessor or one claiming under the lessor, that the lessor had no estate at the time of the lease, and the same considerations might perhaps apply, it would seem, to preclude him from asserting that the lessor had an estate no greater than the term for which the lease was made."

■ At common law it was an inflexible rule that a merger of the leasehold into the freehold always took place when both estates met in the ownership of the same person. But in modern times the law has not favored the doctrine of merger. Consequently, the courts will not compel a merger of estates where the parties do not so intend, or where it would be unjustly prejudicial to either of the parties. Mobley v. Harkins, 14 Wash.2d 276, 128 P.2d 289, 143 A.L.R. 88; Rayburn v. Stewart Calvert Co., 105 Wash. 570, 178 P. 454; Chicago Title and Trust Co., et al v. Kesner, 296 Ill. App. 187, 16 N.E.2d 175; Hotel Burnet and Co. v. Union Central Life Insurance Co., 72 Ohio App. 453, 52 N.E.2d 754; White v. Coates, 17 Wash.2d 686, 137 P.2d 113; Wechter v. Chicago Title and Trust Co., 185 Ill. 11, 52 N.E.2d 157. This, in our judgment, is the correct doctrine. Obviously it would be unjust to permit a mere formal merger to interfere with the contractual rights of the parties, and to enforce a merger contrary to the intent of the owner of the property and the person with whom he deals.

■■ In ascertaining the intent of the parties it is permissible to consider their situation and the accompanying circumstances at the time the lease was executed. The parties to said lease were making arrangements for the operation by plaintiffs of the filling station located on the premises, and for the sale of Missouri State

Oil Company's products at said station. To accomplish this, the primary lease of the premises was made by plaintiffs to Missouri State Oil Company for a term of twenty years, at a rental of not less than $75.00 per month. At the same time Missouri State Oil Company leased the premises to plaintiffs for the full term of its lease at a rental of one dollar a year. This lease contained a provision that "nothing herein contained shall be construed to prevent lessor hereunder from enforcing in its own name the provisions of said primary lease." Simultaneously with the execution of the reciprocal leases above mentioned, the parties entered into the sales contract which by its terms was to be effective during the full term of said leases. Plaintiffs, thereafter and since May 1, 1950 to the date of trial (January 28, 1963), accepted the rent provided in the primary lease.

It seems clear from the foregoing facts that in the execution of the lease to plaintiffs, the parties to said lease did not intend to effect a merger of the leasehold estate held by the Missouri State Oil Company with the freehold estate owned by plaintiffs, but did intend to create the relationship of landlord and tenant between the parties. In fact, plaintiffs do not contend that the parties had no such intention, but take the position that as a matter of law the execution of the reciprocal leases left the parties in exactly the same position they were in before said instruments were entered into; that in legal effect, both were a nullity; and that Missouri State Oil Company had no interest in the property which could be assigned to Gulf Refining Company or defendant Gulf Oil Corporation.

It is our view that under the authorities cited herein, such argument is not valid. We are therefore of the opinion that the judgment of the trial court should be affirmed.

It is so ordered.

Ruddy, P. J., and WOLFE, J., concur.